## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

KATHLEEN ELLSWORTH and DANIEL MULLINS,
as Co-Conservators of AMANDA INGRAM;
DANIEL MULLINS, DELLA MULLINS, and
ANTHONY INGRAM, individually; and
DANIEL MULLINS and DELLA MULLINS
as Guardians and Next Friends of BRITTANY TRUJILLO,
SAVANNAH RENGRO, and AUNISTI INGRAM,
each a minor child,

        Plaintiffs,

v.                                    NO. 12-CV-59 WJ/KBM

LEA REGIONAL HOSPITAL, L.L.C., d/b/a,
LEA REGIONAL MEDICAL CENTER, a for-profit entity,
and COMMUNITY HEALTH SYSTEMS, INC.,
a for-profit corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT COMMUNITY HEALTH SYSTEMS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

THIS MATTER comes before the Court on Defendant Community Health Systems, Inc.'s ("CHSI") Motion to Dismiss for Lack of Personal Jurisdiction (**doc. 7**), filed January 26, 2012, and Plaintiffs' Motion to Stay Proceedings on Defendant Community Health Systems, Inc.'s Motion to Dismiss (**doc. 16**), filed March 14, 2012.  After considering the parties' briefs and the applicable law, the Court rules that Plaintiffs' motion shall be **DENIED** while Defendant CHSI's motion shall be **GRANTED**.

Plaintiffs bring claims against Defendant Lea Regional Hospital, L.L.C., d/b/a Lea Regional Medical Center ("LRMC") and Defendant CHSI based upon injuries sustained by Amanda Ingram while she was a patient at Defendant LRMC, which rendered her in a coma with

little chance of recovery.  Plaintiffs filed their Complaint in the First Judicial District Court of Rio Arriba County, New Mexico on December 15, 2011, and Defendant LRMC removed the case to federal court on January 19, 2012.  (Doc. 1.)  Thereafter Defendant CHSI filed the present Motion to Dismiss for Lack of Personal Jurisdiction, including a five-page affidavit in support.  (Doc. 7.)  Plaintiffs filed a response to CHSI's motion, submitting nine exhibits totaling forty-three pages.  (Doc. 12.)  CHSI filed a reply, including with its motion seven new exhibits totaling seventy-three pages.  (Doc. 13.)  Though CHSI submitted new factual exhibits in its reply, Plaintiffs did not seek leave to file a surresponse.  Instead, Plaintiffs filed a Motion for Leave to File Amended Pleading and Motion for Remand, seeking leave to add claims against a non-diverse party and have the case remanded to state court.  (Doc. 15.)  Plaintiffs also filed a Motion to Stay Proceedings on Defendant Community Health Systems, Inc.'s Motion to Dismiss, asking the Court to address their motion to amend before consideration of CHSI's motion.  (Doc. 16.)

## LEGAL STANDARD

"Federal courts sitting in diversity have personal jurisdiction over nonresident defendants to the extent permitted by the law of the forum."  *Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 621 (10th Cir. 1988) (citations omitted).  The New Mexico long-arm statute extends personal jurisdiction to the extent permitted by due process.  *Tercero v. Roman Catholic Diocese of Norwich, Connecticut*, 48 P.3d 50, 54 (N.M. 2002).  Due process allows personal jursidiction over a defendant so long as a plaintiff establishes the existence of "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  Plaintiffs have the burden of

establishing personal jurisdiction over CHSI.  *See Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir. 1996).

 The *International Shoe* "minimum contacts" standard may be met in either of two ways: specific jurisdiction, or general jurisdiction.  Specific jurisdiction is based on a matter occurring in the forum state, and exists when the defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."  *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1532–33 (10th Cir. 1996) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  For purposes of specific jurisdiction a court "must determine whether a nexus exists between the Defendant['s] forum-related contacts and the Plaintiff's cause of action."  *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010) (quoting *TH Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1291 (10th Cir. 2007)) (brackets omitted) (internal quotation marks omitted).  "General jurisdiction lies when the defendant's contacts with the forum state are so 'continuous and systematic' that the state may exercise personal jurisdiction over the defendant, even if the suit is unrelated to the defendant's contacts with the state."  *Trierweiler*, 90 F.3d at 1532–33.  The defendant's conduct and connection with the forum state must be such that the defendant "should reasonably anticipate being haled into court there."  *Id.* at 1534 (internal quotation marks omitted).

## DISCUSSION

 As an initial matter, though district courts generally have discretion whether to address subject matter jurisdiction or personal jurisdiction first, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), it is undisputed that as the case stands the Court has subject matter jurisdiction.  While Plaintiffs now seek leave to add a non-diverse party, thereby removing

diversity jurisdiction, until that addition is allowed the case is properly before this Court and this Court has subject matter jurisdiction over it.  Therefore, because the only threshold jurisdictional question currently before the Court is CHSI's motion, the Court will address CHSI's Motion to Dismiss before it addresses Plaintiff's  Motion for Leave to File Amended Pleading and Motion for Remand.

In Defendant CHSI's Motion to Dismiss, CHSI has contested personal jursidiction, moving to dismiss claims against it under Fed. R. Civ. P 12(b)(2).  In support of its motion, CHSI provides an affidavit by Mr. Ben Fordham, vice president and chief litigation counsel for Community Health Systems Professional Services Corporation ("PSC").  In the affidavit, Mr. Fordham states that, according to his personal knowledge, CHSI is a holding company that indirectly owns more than 130 hospitals throughout the country, and that CHSI has no employees and does not operate any of the hospitals that it indirectly owns, including LRMC.

"The general rule . . . is that 'judicial jurisdiction over a subsidiary corporation does not of itself give a state judicial jurisdiction over the parent corporation[, even if] the parent owns all of the subsidiary's stock.'"  *Jemez Agency, Inc. v. CIGNA Corp.*, 866 F.Supp. 1340, 1343 (D.N.M. 1994) (citing Restatement (Second) of Conflicts of Laws § 52 cmt. b (1971)); *see also Walker v. THI of New Mexico at Hobbs Ctr.*, 801 F. Supp. 2d 1128, 1155 (D.N.M. 2011); *Alto Eldorado Partn. v. Amrep*, 124 P.3d 585, 596 (N.M. App. 2005).  CHSI provides evidence in the form of an affidavit that it performs no actions in, and has no contacts with New Mexico.  Accordingly, Plaintiff's jurisdictional allegations are not accepted as true, because they are controverted by an affidavit.  *See White v. SPE Corperate (sic) SVC, Inc.*, 393 F.Supp.2d 1110, 1113 (D.N.M. 2005); *Sanchez v. Church of Scientology of Orange County*, 115 N.M. 660, 663 (1993).  Plaintiffs must therefore make a "prima facie showing by affidavits or other written

materials, of jurisdiction over the Defendant." *White*, 393 F.Supp.2d at 1113.

> Where . . . there has been no evidentiary hearing, as in this case, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists.  All factual disputes are resolved in favor of the plaintiffs when determining the sufficiency of this showing.

*Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009) (internal quotations and citations omitted).

Plaintiffs offer the following exhibits in order to make their required showing:

(A) & (B):  a complaint and a default judgment in a case brought by "Community Health Systems" against one of its employees in the Ninth Judicial District New Mexico district court;

(C):  an order by a New Mexico state district court denying without discussion a motion by CHSI to dismiss for lack of personal jurisdiction;

(D) & (E):  an excerpt from an asset purchase agreement relating to New Mexico property and an amendment to that agreement in which Community Health Systems, Inc., was listed as the "parent" of the "buyer";

(F):  a document relating to the ownership of property in Chaves County and listing CHSI as the owner;

(G):  a document reflecting a settlement agreement in which CHSI was a party;

(H):  two letters, relating to a New Mexico hospital, addressed to Larry Carlton, purported to be the vice president of Revenue Management of CHSI; and

(I):  a Memorandum and Order in the case of *Schultheis v. Community Health Systems, Inc.*, 2012 WL 253366 (S.D.Ill. 2012), in which the court held that sufficient minimum contacts existed between CHSI and Illinois to suffice for personal jurisdiction to exist.

Plaintiffs offer no evidence relating directly to the subject matter of the current case, and so Plaintiffs have made no apparent attempt to establish specific jurisdiction.  Instead, what evidence Plaintiffs offer appears to relate solely to unrelated general contacts that CHSI is alleged to have with New Mexico.  Therefore the Court must decide whether Plaintiff's

5

proffered documents suffice as prima facie evidence that CHSI has sufficient minimum contacts with the State of New Mexico to satisfy the due process clause in the context of general jurisdiction.  The Court is mindful that all disputes of fact must be resolved in favor of Plaintiffs.

Exhibits A and B are evidence of a legal suit brought in New Mexico by "Community Health Systems."  Accepting this factual proffer of Plaintiffs as true, the Court considers it established that an entity named "Community Health Systems" brought a suit in New Mexico in 2002.  However, "Community Health Systems," while similar, is not the name of Defendant CHSI.  Therefore, the document does not, of itself, suffice to show anything as to CHSI. Additionally, CHSI does not contest the document in any way, but simply provides evidence that the "Community Health Systems" which filed this suit is in fact PSC, which uses "Community Health Systems" as a trade name.  Therefore, there is no dispute of fact: Exhibits A and B do not relate to CHSI, and thus cannot serve to establish any contacts between CHSI and New Mexico.

Exhibits C and I are examples of rulings by other courts on a parallel issue to that before this Court, one by a New Mexico state district court and one by a federal district court from the Southern District of Illinois.  The New Mexico decision includes no analysis, and the federal decision is still in litigation; additionally the Court notes that whether CHSI has minimum contacts with Illinois is hardly at issue in the current litigation.  Neither court has precedential force over this Court, and the minimum contacts analysis involves a fact-based, situation-dependent analysis; therefore this Court considers these opinions to have no factual value in establishing minimum contacts for the purpose of personal jurisdiction in this case.

Exhibit H, likewise, is of no factual value, because it consists only of two letters sent in 2006 to an individual, and addressed to him as an employee of CHSI.  The letters do not come *from* the individual, for instance on official letterhead.  They do not discuss factually any

6

relationship between CHSI and the New Mexico hospital that is the subject of the letters, and

they include nothing, other than the name "Community Health Systems, Inc." in the address,

which would relate to Defendant CHSI.  In other words, the letters are at best an assertion by a

third party that he believes the addressee to be an employee of CHSI.  The genuineness of that

belief is not contested by CHSI, nor is the authenticity of the letters.  Instead CHSI presents

evidence that the addressee of the letters, Mr. Larry Carlton, was in fact an employee of PSC,

and that though the sender of the letters may have been perfectly genuine in his mistake as to Mr.

Carlton's employment, he was in fact mistaken.  At any rate, a mistaken belief by a third-party

as to the internal workings of a complex corporate structure is hardly prima facie evidence that

CHSI has contacts with New Mexico.

      Exhibits D and E are documents relating to an asset purchase agreement from 1998.  The

documents state that "Community Health Systems, Inc." was a party to the agreement, being

listed as the "parent" of Roswell Hospital Corporation ("RHS"), the "buyer."  Defendants do not

contest the authenticity of the document, nor the truth of its contents.  However, Defendants

provide additional evidence that explains the content of the document.  In his second affidavit,

Mr. Fordham explains that in February of 2000, the entity that had formerly had the name

"Community Health Systems, Inc." changed its name to "CHS/Community Health Systems,

Inc." and Defendant took the name "Community Health Systems, Inc."  In other words, the

entity referenced in Exhibits D and E, while it bore the same name, is in fact a different legal

entity than Defendant CHSI, and therefore Exhibits D and E do not serve as examples of

contacts that CHSI has with New Mexico.

      Likewise, Exhibit G is, according to Mr. Fordham, a settlement agreement into which

CHS/Community Health Systems, Inc., entered when its name was still Community Health

Systems, Inc., and therefore relates to a separate legal entity, not Defendant CHSI.

Plaintiffs provide no evidence, other than the name "Community Health Systems, Inc.," that the legal entity in Exhibits D, E, and G is the same legal entity that is a Defendant in this matter. Therefore, accepting the documents as true and at face value, in order to conclude that they represented CHSI's contacts with New Mexico the Court would have to assume without evidence that the Community Health Systems, Inc. in the documents is the same Community Health Systems, Inc. that is a defendant in this matter. Ordinarily the Court might be willing to make such an assumption; however, the Court will not accord Plaintiffs the benefit of such an assumption in the face of evidence provided by Defendant CHSI that in fact the two are separate legal entities that happen to bear the same name. Therefore, the Court concludes that exhibits D, E, and G relate to a different legal entity, and cannot therefore subject Defendant CHSI to personal jurisdiction in New Mexico. The Court also notes that even if the Court concluded that these documents did relate to Defendant CHSI, involvement in a single purchase agreement and a settlement, both well over a decade ago, would hardly serve to establish the "continuous and systematic" contacts with New Mexico required for general personal jurisdiction. *See, e.g.*, *Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004) ("[T]he occurrence of two dozen transactions taking place over a period of eight years, with the last taking place at least four years before suit was filed in November 2000, is not sufficient to meet the high burden of demonstrating that Cameco had 'continuous and systematic general business contacts.').

Exhibit F includes a protest of the valuation of a property in Roswell, listing CHSI as the owner of the property, filed in 2008, and also a "letter of authorization" from CHSI to authorize Property Valuation Services ("PVS"), a company with an address in Kansas, to represent CHSI as an *ad valorem* tax agent. From the documents it appears that PVS filed the protest with the

Chaves County Assessor's Office, listing CHSI as the owner of the property.

CHSI provides an affidavit of Mr. David Dlugopolski, an owner of PVS, which states that according to his personal knowledge PVS provides services to both CHSI and Roswell Hospital Corporation, that the protest in Exhibit F was relating to a property owned by RHS, not CHSI, and that CHSI was listed as an owner in error.  CHSI also provides a deed for what it states is the property in question, and the deed reflects RHS as the owner.

Nevertheless, this is difficult ground, because any disputes of fact are to be resolved in Plaintiffs' favor.  Ownership of a property which seems to be a hospital in New Mexico would likely satisfy Plaintiff's burden to establish CHSI's minimum contacts with New Mexico.  However, the evidence of the parties does not in fact conflict.  CHSI does not contest the documents in Exhibit F, but merely furnishes additional context about them in order to better understand their import.  Additionally, the sort of tax protest included in exhibit F is not a proper basis for demonstrating ownership of the property in question, and the Court would be hard pressed to conclude upon such tangential evidence that CHSI in fact owned the property.  A document such as that provided by Plaintiffs has no legal effect, and Plaintiffs could have instead provided the Court with the deed for the property, the proper way of showing ownership.  Plaintiffs do not make any argument as to why they could not provide the deed, nor do they contest in any of their submissions the deed provided by CHSI.  Accordingly, the documents in Exhibit F do not establish that CHSI owns property in New Mexico, and thus do not establish any contacts between CHSI and New Mexico.[1]

---

[1]Though the parties do not argue this, it appears to the Court that the asset purchase agreement included as Plaintiffs' exhibit D may relate to the same property in question in Exhibit F.  If so, then Plaintiffs' own exhibit D supports the conclusion that Roswell Hospital Corporation is the owner of the property, with CHSI in the position of a "parent" of RHS, acting as a guarantor.  Had the parties developed this point further, the Court may perhaps have considered it as further reason why Plaintiffs' exhibit F does not suffice as prima facie evidence that CHSI owned

In addition to the exhibits submitted to the Court, Plaintiffs also argue that the allegations in the case of *United States of America, ex rel. Robert C. Baker v. Community Health Systems, Inc., et al.*, 05-CV-279 WJ/ACT, show that CHSI has sufficient minimum contacts with New Mexico for purposes of personal jurisdiction. However, the Court notes two impediments to the success of Plaintiffs' arguments. First, the laws involved in that *qui tam* litigation provide for nationwide service of process, and thus CHSI did not have a basis to contest personal jurisdiction in that case, making it inapposite to the current case. Second, the allegations in the complaint in the *Baker* case are just that: allegations, by an opposing party. They are not facts or evidence, and thus cannot serve to satisfy Plaintiffs' burden to present evidence to the Court establishing personal jurisdiction over CHSI. Therefore, Plaintiffs' references to the *Baker* case do not serve to establish such personal jurisdiction.[2]

Plaintiff requests discovery in order to obtain information related to any contacts that CHSI may have with New Mexico. The Court has discretion whether to allow jurisdictional discovery. *See Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1298–99 (10th Cir. 2004). Though in some cases limited discovery for jurisdictional purposes may be appropriate, the Court, in light of the deficiency of Plaintiffs' current factual proffer, concludes in its discretion that allowing discovery in this case would be tantamount to allowing Plaintiffs a fishing expedition, and nothing Plaintiffs have shown this Court creates a basis for expecting that such an expedition would uncover facts establishing minimum contacts between CHSI and New

---

the property in question.

[2] The Court notes that its current holding that Plaintiff has not established personal jurisdiction over CHSI is not contrary to any holdings of this Court in the *Baker* matter. In holding that Plaintiffs have not established personal jurisdiction over CHSI, the Court's finding is based solely on the insufficiency of Plaintiffs' factual proffer, and Plaintiff's failure to carry their burden of establishing the threshold matter of personal jurisdiction over CHSI, not on any factual findings by the Court regarding CHSI itself.

Mexico.  "A plaintiff is not entitled to discovery to establish essentially speculative allegations necessary to personal jurisdiction."  *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 (1982) (Powell, J., concurring in the judgment); *see also Sizelove v. Woodward Regl.*, 2011 WL 5087997 at *3 (W.D. Okla. 2011) (disallowing discovery against CHSI in similar circumstances); *Raffle v. Exec. Aircraft Maint.*, 2011 WL 6637029, *13 (D.N.M. 2011).  Of course, if Plaintiffs find, in the course of discovery in its case against Defendant LRMC, any facts showing a basis for personal jurisdiction over CHSI, Plaintiffs may petition to re-add CHSI to the case.

## CONCLUSION

Plaintiffs, while providing the Court with an admirable collection of documents with some form of the name "Community Health Systems" appearing on them, have done nothing to controvert Defendant CHSI's original contention: that it is a holding company with no employees, no operational control over hospitals, and no contacts with New Mexico.  The Court declines Plaintiffs' invitation to delay decision on this matter, and therefore Plaintiffs' Motion to Stay Proceedings on Defendant Community Health Systems, Inc.'s Motion to Dismiss is **DENIED**.

Accordingly, the Court finds that Plaintiffs have not met their burden to show that personal jurisdiction exists over Defendant CHSI, and therefore Defendant CHSI's Motion to Dismiss for Lack of Personal Jurisdiction is hereby **GRANTED**.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE