# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KATHLEEN ELLSWORTH and DANIEL MULLINS,
as Co-Conservators of AMANDA INGRAM;
DANIEL MULLINS, DELLA MULLINS, and
ANTHONY INGRAM, individually; and
DANIEL MULLINS and DELLA MULLINS
as Guardians and Next Friends of BRITTANY TRUJILLO,
SAVANNAH RENGRO, and AUNISTI INGRAM,
each a minor child,

       Plaintiffs,

v.                                                      NO. 12-CV-59 WJ/KBM

LEA REGIONAL HOSPITAL, L.L.C., d/b/a,
LEA REGIONAL MEDICAL CENTER, a for-profit entity,
and COMMUNITY HEALTH SYSTEMS, INC.,
a for-profit corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND MOTION FOR REMAND

THIS MATTER comes before the Court on Plaintiffs' Motion for Leave to Amend and Motion for Remand **(doc. 15)**, filed March 12, 2012 and on Defendant Lea Regional Hospital, L.L.C., d/b/a Lea Regional Medical Center's ("LRMC")[1] Motion for Leave to File Surreply **(doc. 23)**, filed April 27, 2012. Plaintiffs seek, under 28 U.S.C. § 1447(e), to amend their Complaint to include a non-diverse party, and then they seek to have this case remanded to state court. The Court took Defendant's proposed surreply, and Plaintiffs' response thereto, into consideration, and therefore Defendant's motion is **GRANTED**. After considering all of the

---

[1] Defendant Community Health Systems, Inc., has been dismissed from the case based upon a lack of personal jurisdiction. (*See* doc. 26.) Therefore the Court will refer to Defendant LRMC as "LRMC" or simply "Defendant."

parties' submissions and the applicable law, the Court finds that Plaintiffs' motion is well taken and shall be **GRANTED**.

## BACKGROUND

Amanda Ingram was admitted as a patient at LRMC on June 25, 2010, in order to deliver her third child. After delivery, she experienced post-partum hemorrhaging. As a result of her medical condition, Amanda Ingram suffered a brain injury that has rendered her in a coma with little chance of recovery. Plaintiffs, the conservators of Ms. Ingram and guardians of her children, filed suit in the First Judicial District Court, Rio Arriba County, on December 15, 2011, alleging that Ms. Ingram's injuries are the result of tortious conduct by Defendants and their agents. On January 19, 2012, Defendant LRMC removed the case to this Court pursuant to 28 U.S.C. § 1332.

Plaintiffs seek under 28 U.S.C. § 1447(e) to amend their Complaint to include as a defendant Ms. Ingram's treating physician, Dr. Christopher S. Driskill, a non-diverse defendant whose inclusion would mandate a remand to state court.

## DISCUSSION

28 U.S.C. § 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Whether to allow joinder is within the discretion of the district court; and while it is clear that courts consider equitable factors, several slightly different enumerations of equitable factors have been used. *See, e.g.*, *Byers v. Life Care Centers of Am., Inc.*, 2008 WL 1867976 at *1 (D. Kan. 2008); *Reigel v. Canyon Sudar Partners, L.L.C.*, 2007 WL 3274430 at *3 (D. Colo. 2007); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). Additionally, in a case pre-dating the addition of § 1447(e) but

evaluating an identical situation, the Fifth Circuit stated that "the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

Plaintiffs propose the five factors used in our sister district of Kansas in *Byers*, 2008 WL 1867976 at *1: (1) the plaintiff's motivation for adding the party; (2) the timeliness of the proposed amendment; (3) any prejudice; (4) the defendant's interest in remaining in federal court; and (5) other equitable considerations.  The Court agrees that those factors adequately capture the equitable concerns and reflect what guidance there is from the Tenth Circuit.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008) (quoting *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416 (10th Cir. 1984)) ("In exercising this discretion, the district court 'typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith.'").

The first factor to consider is Plaintiffs' motivation for adding Dr. Driskill.  Defendant LRMC argues strenuously that Plaintiffs' sole motivation is to defeat diversity jurisdiction.  Defendant argues that Plaintiffs knew Dr. Driskill's identity and role in the facts at the time of the filing of their Complaint, and that the Complaint does not allege any wrongdoing by Dr. Driskill, suggesting that Plaintiffs had no original intention of bringing claims against Dr. Driskill, but now seek to bring those claims in order to defeat diversity jurisdiction.

Plaintiffs counter LRMC's arguments by explaining that at the time of the filing of the Complaint Plaintiffs believed that Dr. Driskill was an agent of LRMC, and that any claims based

3

on his actions could have been brought vicariously against LRMC. Once Plaintiffs discovered that LRMC could not be held vicariously liable for Dr. Driskill's actions, they state that they immediately sought to add claims against him. Plaintiffs also argue that the factual claims in the original Complaint allege negligence on the part of Dr. Driskill.

It may very well be true that Plaintiffs are not displeased at the prospect of remand; however, to hold that Plaintiffs' only or primary motivation in seeking to add Dr. Driskill as a defendant is to defeat diversity would be to hold that Dr. Driskill has little or no use to Plaintiffs as a Defendant. Dr. Driskill was Ms. Ingram's obstetrician/gynecologist and thus, the person most closely involved with her labor and treatment during her stay at LRMC. Without asserting claims against him, Plaintiffs would be omitting one of the chief players in the situation. It may be that Dr. Driskill acted at all times with impeccable prudence and flawless medical care; however, at the outset of the case, Dr. Driskill is a large part of the equation, and the Court can hardly conclude that he is a nominal defendant added for the sole purpose of destroying federal jurisdiction. Therefore, despite Defendant LRMC's theories about Plaintiffs' motivation, the Court concludes that Plaintiffs are not solely or primarily motivated by a desire to defeat diversity jurisdiction.

The second factor is the timeliness of the proposed amendment. Plaintiffs filed their motion to amend three months after filing their Complaint, and just under two months after the case was removed. Plaintiffs state that they began discussing the possibility of the requested amendment with opposing counsel as soon as they discovered that Dr. Driskill was not an agent of LRMC, and that when they could come to no accord about the amendment they filed the current motion. Perhaps Plaintiffs should have discovered sooner that Dr. Driskill was not an agent of LRMC and either sought to add him earlier or even included claims against him in the

original Complaint.  However, Defendant provides no evidence that Plaintiffs' explanation for the delay is untruthful; and once Plaintiffs discovered that LRMC was likely not vicariously liable for Dr. Driskill, they were appropriately expedient in bringing their motion.  Therefore, the current motion is not untimely, nor were Plaintiffs dilatory in filing it.

As to the third and fourth factors, Plaintiffs would be subject to significant prejudice were the Court to deny Plaintiffs' motion.  Dr. Driskill, according to Plaintiff's allegations, appears to be one of the key players in the case.  Because LRMC is not likely to be vicariously liable for any negligence of Dr. Driskill, Plaintiffs likely would not be accorded complete relief without being allowed to assert claims against Dr. Driskill.  *See Gulf Ins. Co. v. Cottone*, 148 P.3d 814, 820 (N.M. App. 2006) ("New Mexico is a pure comparative fault state. '[W]hen concurrent tortfeasors negligently cause a single, *indivisible* injury, the general rule is that each tortfeasor is severally responsible for its own percentage of comparative fault for that injury.'") (quoting *Payne v. Hall*, 137 P.3d 599, 603 (N.M. 2006)) (alterations and emphasis in original); *see also* N.M. STAT. ANN. (1978) § 41–3A–1(A).  Instead, Plaintiffs' only recourse would be to maintain a separate state-court action against Dr. Driskill.  Such an action would involve substantial duplication of efforts in the current case and thus significant inefficiencies and hardships would ensue including duplication of federal and state judicial resources.

On the other hand, amendment and remand would deprive Defendant of the federal forum it has chosen by right.  Diverse defendants have an interest in a federal forum, and that interest is not to be cast aside lightly.  Nevertheless, had Plaintiffs originally brought claims against Dr. Driskill, a federal forum would not have been available to Defendant.  Also, Defendant LRMC has raised no concerns that a state court would be incompetent to hear the case.  Therefore, while Defendant's interest in a federal forum must be accorded weight, that

interest is not enough to outweigh the significant prejudice to Plaintiffs if the Court were to deny Plaintiffs' motion.

As to additional equitable concerns, Defendant argues that the particular state court Plaintiffs have chosen is inconvenient.  However, this matter concerns a remand to state court generally, not which state court Plaintiffs have chosen, and LRMC has made no argument that the Rio Arriba County District Court is in fact an improper forum in which to litigate.  As to other factors, no discovery orders have as yet been entered in this case, and therefore the case has not proceeded so far as to create hardship to the parties should the case be remanded.  Accordingly, the Court concludes that a consideration of equitable factors weighs in favor of granting Plaintiffs' motion.

Finally, Defendants previously raised the issue that adding Dr. Driskill as a party defendant would be futile because he may not be sued for malpractice unless and until Plaintiffs apply to the New Mexico Medical Review Commission, and the Commission has rendered its decision.  As of the date of entry of this Memorandum Opinion and Order, Plaintiffs have submitted their application against Dr. Driskill to the medical Review Commission and it has rendered its decision.  Therefore, Dr. Driskill is subject to being sued by Plaintiff for malpractice and is a proper party defendant to this malpractice case.

## CONCLUSION

Accordingly, for the foregoing reasons, Plaintiffs' Motion  for Leave to Amend and Motion for Remand is hereby **GRANTED**, and **IT IS ORDERED** that within fifteen days of the entry of this Memorandum Opinion and Order Plaintiffs shall file their Amended Complaint.  Because the inclusion of Dr. Driskill in the Amended Complaint destroys diversity jurisdiction

in this Court, once Plaintiffs' Amended Complaint is filed an order shall issue remanding the case to the New Mexico First Judicial District Court, Rio Arriba County, for further resolution.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE